Docket No. 15-17395

*In the*

## United States Court of Appeals

*For the*

## Ninth Circuit

════════════════

KEVIN E. GILMORE,

*Plaintiff-Appellant,*

*vs.*

WELLS FARGO BANK, N.A., *et al.*,

*Defendant-Appellee.*

════════════════

APPEAL FROM JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
Case No. 4:14-CV-02389-CW
HON. CLAUDIA WILKEN, UNITED STATES DISTRICT JUDGE

════════════════

**APPELLEE'S ANSWERING BRIEF ON APPEAL**

════════════════

Robert A. Bailey, California State Bar No. 214688
ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
T: (626) 535-1900 | F: (818) 995-3157 | E: rbailey@afrct.com

*Appellate Counsel for Defendant-Appellee*
WELLS FARGO BANK, N.A.

Docket No. 15-17395

*In the*

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*For the*

𝔑𝔦𝔫𝔱𝔥 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

═══════════════════════════════

KEVIN E. GILMORE,

*Plaintiff-Appellant*,

*vs.*

WELLS FARGO BANK, N.A., *et al.*,

*Defendant-Appellee*.

═══════════════════════════════

APPEAL FROM JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
Case No. 4:14-CV-02389-CW
HON. CLAUDIA WILKEN, UNITED STATES DISTRICT JUDGE

═══════════════════════════════

**APPELLEE'S ANSWERING BRIEF ON APPEAL**

═══════════════════════════════

## CERTIFICATION AS TO INTERESTED PARTIES

## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal.

Defendant-Appellee (1) Wells Fargo Bank, N.A., successor to by merger with (2) Wells Fargo Bank Southwest, N.A., formerly known as (3) Wachovia Mortgage, FSB, formerly known as (4) World Savings Bank, FSB, identifies (5) WFC Holdings Corporation, (6) Greater Bay Bancorp, (7) Placer Sierra Bancshares, (8) Century Bancshares, Inc., (9) Charter Holdings, Inc., and (10) IBID, Inc. as parent corporations, and it also identifies (11) Wells Fargo & Company (NYSE:WFC) as a parent corporation and a publicly held corporation that owns 10% or more of its stock.

Respectfully submitted,

Dated: June 13, 2016      ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN, LLP

By: ____ s/ *Robert A. Bailey* _____

Robert A. Bailey

*Attorneys for Defendant-Appellant*

WELLS FARGO BANK, N.A.

i

# TABLE OF CONTENTS

**Page**

CERTIFICATION AS TO INTERESTED PARTIES
AND CORPORATE DISCLOSURE STATEMENT .........................................*ante*

TABLE OF CONTENTS.......................................................................... ii

I. INTRODUCTION ..................................................................................1

II. JURISDICTIONAL STATEMENT ......................................................2

III. STATEMENT OF ISSUES PRESENTED FOR REVIEW...........................3

IV. STATEMENT OF FACTS ....................................................................4

V. STATEMENT OF THE CASE ..............................................................9

VI. STANDARD OF REVIEW ..................................................................11

VII. SUMMARY OF ARGUMENT .............................................................14

VIII. ARGUMENT......................................................................................16

    A. The District Court Properly Granted Summary Judgment On The HBOR Dual-Tracking Claim ...........................................................16

        1. Because The Property Was Not Owner-Occupied, Gilmore Was Not Entitled To The Protections Of Civil Code § 2923.6.......................................................................................17

        2. Gilmore Could Not Establish That He Had A Complete Loan Modification Application Pending At The Time Wells Fargo Recorded The Notice Of Trustee's Sale ..............19

        3. Gilmore Does Not Dispute That His HBOR Claim Was Rendered Moot.........................................................................21

    B. Gilmore's Negligence Claim Was Entirely Derivative Of His HBOR Claim And Failed For The Same Reasons ...............................22

C.    The Trial Court Properly Granted The Motion For Judgment On The Pleadings As To Gilmore's Force Placed Insurance Allegations...............................................................................24

D.    The District Court Did Not Abuse Its Discretion In Failing To Hold Hearings.........................................................................28

IX.    CONCLUSION................................................................30

CERTIFICATE OF COMPLIANCE...........................................1

STATEMENT OF RELATED CASES.........................................1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)........................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009).............................................13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................13

*Biotics Research Corp. v. Heckler*,
   710 F.2d 1375 (9th Cir. 1983) ...................................................14, 28

*Cafasso, U.S. ex rel. v. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ........................................................12

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ..........................................................13

*Coleman v. Quaker Oats, Inc.*,
   232 F.3d 1271 (9th Cir. 2000) .........................................................23

*Dredge Corp. v. Penny*,
   338 F.2d 456 (9th Cir. 1964) ...........................................................29

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
   713 F.3d 502 (9th Cir. 2013) ...........................................................14

*Evans v. Chater*,
   110 F.3d 1480 (9th Cir. 1997) .........................................................12

*Fernhoff v. Tahoe Regional Planing Agency*,
   803 F.2d 979 (9th Cir. 1986) ...........................................................29

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*,
   654 F.3d 958 (9th Cir. 2011) ...........................................................12

*Guerin v. Winston Indus., Inc.*,
   316 F.3d 1132 (9th Cir. 2002) .........................................................11

*Hishon v. King & Spalding*,
467 U.S. 69 (1984)..............................................................................12

*Hopkins v. Andaya*,
958 F.2d 881 (9th Cir. 1992) ...........................................................18

*Independent Towers of Wash. v. Washington*,
350 F.3d 925 (9th Cir. 2003) .....................................................14, 18

*Leadsinger, Inc. v. BMG Music Publ'g*,
512 F.3d 522 (9th Cir. 2008) ...........................................................12

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ....................................................12, 13

*Matsushita Elec. Ind. Co. v. Zenith Radio*,
475 U.S. 574 (1986)..........................................................................11

*Morrison v. Hall*,
261 F.3d 896 (9th Cir. 2001) ...........................................................27

*Moss v. United States Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ...........................................................13

*O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*,
887 F.2d 955 (9th Cir. 1989) ...........................................................23

*Okwu v. McKim*,
682 F.3d 841 (9th Cir. 2012) ...........................................................13

*In re Paoli RR Yard PCB Litig.*,
916 F.23d 829 (3rd Cir. 1990) .........................................................28

*Sicor Ltd. v. Cetus Corp.*,
51 F.3d 848 (9th Cir. 1995) .............................................................11

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) .........................................................22

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001), *amended by* 275 F.3d 1187.................13

*Swartz v KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ............................................................13

*Travelers Cas. & Sur. Co. of Am. v. Brennete*,
551 F.3d 1132 (9th Cir. 2009) .........................................................11

*United States v. Washington*,
573 F.3d 701 (9th Cir. 2009) ............................................................14

*Valdez v. Rosenbaum*,
302 F.3d 1039 (9th Cir. 2002) .........................................................12

*Willis v. Pac. Maritime Ass'n*,
244 F.3d 675 (9th Cir. 2001) ............................................................29

CALIFORNIA CASES

*Aas v. Super. Ct.*,
24 Cal.4th 627 (2000) ......................................................................24

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal.4th 503 (1994) ........................................................................24

*Jolly v. Eli Lilly & Co.*,
44 Cal.3d 1103 (1988) ......................................................................27

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
34 Cal.4th 979 (2004) ......................................................................24

FEDERAL STATUTES

12 U.S.C. § 2605 .....................................................................................25

28 U.S.C. § 1291 ..................................................................................3, 7

28 U.S.C. § 1332 .......................................................................................2

CALIFORNIA STATUTES

Cal. Civ. Code § 2923.5 .........................................................................10

Cal. Civ. Code § 2923.6 ......................................................9, 17, 19, 21

Cal. Civ. Code § 2923.6(c) ....................................................................19

Cal. Civ. Code § 2923.6(g) ................................................................20

Cal. Civ. Code § 2924.12(a)(1) .........................................................22

Cal. Civ. Code § 2924.15 ..................................................................17

Cal. Civ. Code § 2924.15(a) .............................................................18

Cal. Civ. Proc. Code § 335.1 ............................................................23

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) .........................................................................11

## I.  INTRODUCTION

Plaintiff and Appellant, Kevin Gilmore ("Gilmore" or "Appellant"), pursues the appeal *in pro per* seeking to overturn the district court's Order granting Defendant and Appellee Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Summary Judgment.  Gilmore challenged Wells Fargo's right to foreclose on its mortgage loan by claiming the bank violated the California Homeowners' Bill of Rights ("HBOR").  He claimed to have submitted a completed loan modification application at the time Wells Fargo recorded a notice of trustee's sale.  Based on these allegations, he was able to obtain a preliminary injunction barring foreclosure.

Once he gained access to the Court, Gilmore tried to revive his long dead claims about forced placed insurance Wells Fargo obtained when Gilmore let his own insurance lapse.  He had been disputing Wells Fargo's right to procure insurance to protect its security interest since 2010.  He tried to raise it again via a fraud claim in this action brought more than four years later.  Wells Fargo moved to dismiss such facially time-barred claims in a Motion for Judgment on the Pleadings.  The district court found that these claims were flawed and granted the Motion.

Discovery then revealed that the injunction, and indeed the entire Complaint, was invalid.  HBOR applies to loans on owner-occupied property.  Gilmore

1

admitted he did not live in the subject property at the relevant time. He claimed to have submitted a completed loan modification application. In reality, what he submitted was incomplete. His HBOR and derivative negligence claims were premised on facts Wells Fargo could show to be false. It therefore moved for summary judgment. Gilmore could provide no admissible evidence to contradict Wells Fargo's showing and the district court properly awarded summary judgment.

Gilmore now appeals these determinations. His Appellant's Opening Brief ("AOB") is comprised of matters that are found nowhere in the record and arguments that were not raised below. He does not and cannot support his arguments with citations to the record and provides no basis by which this Court could overturn the Orders and Judgment of the district court.

## II.    JURISDICTIONAL STATEMENT

Gilmore fails to include a jurisdiction statement in his AOB. Appellant originally filed this action in the Alameda County Superior Court. (See Appellee's Supplemental Excepts of Record ("SER") 740). Wells Fargo removed it to the United States District Court for the Northern District of California on May 23, 2014, based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (SER 740-41); 9TH CIR. R. 28-2(a).

Appellant appeals from an Order entered by the district court on September 9, 2014 granting a fully dispositive Summary Judgment Motion entered by the

2

district court on September 9, 2014.  (SER 0001); 9TH CIR. R. 28-2(b)–(c).  This

Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

### III.   STATEMENT OF ISSUES PRESENTED FOR REVIEW

Appellant's Notice of Appeal designated only the Order granting Wells

Fargo's Motion for Summary Judgment.  (SER 718).  This Notice defined the

scope of the appeal.  His own Statement of Issues for Review is limited to

discussing the Order on the Motion for Summary Judgment.  (AOB at 4-5).

Nevertheless, Appellant is also improperly trying to challenge an earlier Order on

Wells Fargo's Motion for Judgment on the Pleadings.  (AOB at 9).  He does so

without ever referencing the standards applicable to that Motion or the district

court's analysis in its Order.

Appellant fails to clearly articulate just what issues he is attempting to

present for review.  After parsing through his various arguments, the issues

presented can be summarized as follows:

1.      Whether the district court erred in granting summary judgment on the

HBOR dual-tracking claim when Gilmore failed to show that he resided on the

property, that his application was complete and the claim had not been rendered

moot.

2.      Whether the district court erred in granting summary judgment as to

the negligence claim which was entirely derivative of the HBOR claim when

3

Gilmore failed to present evidence that Wells Fargo mishandled his loan modification application.

     3.     Whether the district court erred in granting Wells Fargo's Motion for Judgment on the Pleadings as to the fraud and negligent misrepresentation claims when the Complaint failed to include any specifics as to any false statements or reliance and which were apparently based on conduct taking place more than three-years before the filing of the Complaint.

     4.     Whether the district court abused its discretion by granting Wells Fargo's Motion based on the papers and without holding oral argument.

The answer to each of these questions is "no" and the Judgment should be affirmed.

## IV.   STATEMENT OF FACTS

On June 21, 2007, Gilmore obtained a mortgage loan in the amount of $375,000 from World Savings Bank, FSB (the "Loan"). (SER 627, ¶ 13). World Savings Bank, FSB later changed its name to Wachovia Mortgage, FSB. (SER 383). Wachovia Mortgage, FSB later merged into Wells Fargo Bank, N.A. (SER 383).

The Loan is secured by a deed of trust recorded against property located at 955 Virginia Street, Berkeley, California 94710(the "Property"). (SER 626, ¶ 1 and 627, ¶ 17). Gilmore took out a permit to do some improvements on the

Property in 2008. (SER 308, ln. 18 – SER 309, ln.11). As a result of this permit and the associated work being done on the Property, it was "red tagged" and could not be occupied. (SER 285, ln. 23 – SER 286, ln. 12). Accordingly, no one lived in the Property from at least October 2013 through October 2015. (SER 293, lns. 7–19).

Gilmore stopped making mortgage payments on the Loan in 2010. (SER 628, ¶ 19). Wells Fargo did not foreclose, however, due to a series of loan modification applications and a bankruptcy petition.

Also beginning in 2010, Gilmore claimed that Wells Fargo had improperly charged him for force placed insurance when he let his own lapse. (SER 640, ¶ 67). Gilmore claimed he had maintained insurance. (SER 640). Gilmore claims Wells Fargo promised to issue a refund of this assessment in 2010 but never did. (SER 640, ¶ 68).

Between January 2011 and November 2013, Gilmore had submitted no less than eleven loan modification applications. (SER 384–386). Each of which were denied. (SER 385–386). Gilmore's June 2013 and November 2013 applications were both denied due to excessive financial obligations. (SER 628, ¶ 25; 385).

In February 2014, Wells Fargo advised Gilmore of a Home Preservation Workshop it was holding in the area on March 12, 2014. (SER 658). That letter also advised him of materials he needed to bring to the Workshop. (SER 658).

Gilmore signed up to attend that event. On March 11, 2014, the day before the Workshop, Wells Fargo's representative Sarah Nuncio called Gilmore to discuss in detail the material he needed to bring to the Workshop. (SER 200, lns. 12–13, 353–354). During this telephone call, she advised him that a trustee's sale was scheduled. (SER 355). In fact, the notice of trustee's sale had been issued the same day. (SER 499). It was not recorded, however, until March 13, 2014. (SER 498).

Ms. Nuncio then addressed the sources of Gilmore's income in order to advise him of the supporting documents he would need. (SER 359). She specifically advised him to be sure to bring:

- A profit and loss statement for 90 days or 12 months (SER 361, ln. 17–SER 362, ln. 6);

- Bank statements supporting the profit and loss statements. (SER 370, lns. 12–14);

- A profit and loss statement and bank statement for the same time period for the other adult in the household who contributes 100% of their income to the expenses. (SER 365, ln. 21–SER 366, ln. 19);

- A 2012 tax return for the other contributor, Kate. (SER 366, lns. 20–22). Gilmore originally claimed that Kate jointly filed tax returns with him in 2012. (SER 367, lns. 2–6). However, Ms. Nuncio pulled up a copy of

6

Gilmore's 2012 tax returns and found this not to be true. (SER 368, lns. 7–15). She thus reiterated the need for Kate's 2012 return, including all schedules and all pages. (SER 368, lns. 22–25 and 370, lns. 3–6);

- A non-borrower occupancy form for Kate. (SER 367, lns. 7–20);

- A utility bill that shows that Kate lives at the Property in order to prove occupancy for her. (SER 371, lns. 1–4). Gilmore responded that it "won't be a problem." (SER 373, ln. 12).

Gilmore promised to bring the required documents. (SER 376, lns. 6–8). Ms. Nuncio then advised Gilmore "if we do find a work-out for you we *might* be able to postpone the sale date, but that's not a guarantee." (SER 376, lns. 17–20 (emphasis added)). Finally, Ms. Nuncio advised him that if he brought all the required documents to the Workshop, he should have an answer "tomorrow" at the Workshop. (SER 379, lins. 10–12).

Gilmore attended the Workshop on March 12, 2014. He did not however, receive a decision on his application because he had not provided all the documents. (SER 385–386).

Gilmore cannot remember what he actually brought to the Workshop. (SER 281, ln. 21–SER 282, ln. 16). Thus, he cannot establish that he provided all the documents identified by Ms. Nuncio. The only thing he can remember providing is a completed Request for Mortgage Assistance ("RMA") form. (*Id.*) He did not

7

keep a copy of what he brought, but he believes it was nothing different from his prior applications "other than maybe signatures." (SER 280, lns. 10–23 and SER 314, lns. 9–16). In other words, it did not document a material change in financial circumstances since Wells Fargo denied his prior application.

On March 14, 2014 Wells Fargo sent Gilmore a letter identifying an additional missing document from the modification package. (SER 336). Specifically, Wells Fargo needed a completed and signed "Home Owner Assistance Form." (SER 336). Gilmore admits that he also spoke directly with Ms. Nuncio on March 25, 2014 and she advised him of the need for an updated and more accurate profit and loss statement. (SER 315, ln. 10–SER 316, ln. 12 ("I was being pushed for a more accurate profit and loss statement")).

Despite Wells Fargo's March 14, 2014 letter and the March 25, 2014 telephone call, Gilmore submitted no additional documents. (SER 316, lns. 22–24). Gilmore's failure to provide the requested documents caused Wells Fargo to send him a letter denying his request for loss mitigation assistance on May 28, 2014. (SER 452).

Rather than respond to Wells Fargo's requests for documentation, Gilmore initiated this litigation.

## V.    STATEMENT OF THE CASE

Appellant initiated this action in Alameda County Superior Court.  (SER 740).  Wells Fargo removed it to the United States Northern District of California on May 23, 2014, based on diversity jurisdiction.  (SER 740).

On July 29, 2014, the district court awarded Gilmore a preliminary injunction preventing Wells Fargo from proceeding with foreclosure based on the Court's finding of a potential violation of the anti-dual tracking provisions of HBOR found in California Civil Code § 2923.6.  (See SER 004).  Wells Fargo appealed that Order in the related Ninth Circuit matter, Case No. 14-16370.

The Ninth Circuit ordered the parties to mediation in the prior appeal.  (SER 004).  As part of that mediation process, Wells Fargo conducted another full and complete review of Gilmore's loan modification application.  (SER 004).  That review led to a denial, which Gilmore appealed.  (SER 004; 465).  That appeal was also denied.  (SER 004, 490).

Shortly thereafter, Wells Fargo dismissed its appeal and Appellant's counsel withdrew from further representation of Gilmore.  (SER 747).  Despite the completed loan modification review, Gilmore continued to pursue the action pro se.

Gilmore's First Amended Complaint asserted various HBOR and tort claims.  Wells Fargo moved to dismiss Gilmore's First Amended Complaint,

9

which was granted in part and denied in part. (SER 746). The district court granted the Motion as to Gilmore's fraud and negligent misrepresentation claims but granted leave to amend. (See SER 577). It directed that any amended complaint was "to provide sufficient details with regard to the 'time, place and specific content' of the representation, as well as why the representation was misleading." (SER 577:24-26).

Gilmore eventually filed his Second Amended Complaint on March 20, 2015. (SER 625). Wells Fargo answered and then filed a Motion for Judgment on the Pleadings. (SER 594, 616). The district court granted the Motion as to Gilmore's claims for violation of Civil Code § 2923.5, fraud and negligent misrepresentation. (SER 543, 551, 559). Because the Court had previously given Gilmore multiple opportunities to amend, including specific direction as to the defects to be cured, and because Gilmore did not articulate any way in which he could amend, the Court granted the Motion with prejudice as to each of these claims. (SER 544, 551, 559).

Wells Fargo then moved for summary judgment as to the remaining claims. (SER 207). It supported the Motion with Gilmore's deposition testimony (SER 272), discovery responses (SER 263), Wells Fargo's filed loan documents (SER 321), and witness declarations (SER 382). Gilmore responded with conclusory declarations of his own and that of his girlfriend, Kathryn Stepanski. (SER 042,

079).  After considering these materials and Wells Fargo's reply, the district court

issued an Order granting the Motion for Summary Judgment on November 13,

2015.  (SER 002).

Gilmore then appealed that Order but not the Judgment itself.  (SER 718).

## VI.    STANDARD OF REVIEW

Gilmore makes no attempt to describe the applicable standard of review.

A district court's order granting summary judgment is generally reviewed *de

novo*.  *Travelers Cas. & Sur. Co. of Am. v. Brennete*, 551 F.3d 1132, 1137 (9th Cir.

2009); *Guerin v. Winston Indus., Inc.*, 316 F.3d 1132, 1137 (9th Cir. 2002).

Summary judgment is proper when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to a judgment as

a matter of law."  FED. R. CIV. P. 56(a).  An issue is "genuine" only if there is

sufficient evidentiary basis on which a reasonable fact finder could find for the

nonmoving party, and a dispute is "material" only if it could affect the outcome of

the suit under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248–49 (1986).  "Where the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

*Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

This Court may affirm an award of summary judgment on any ground that

has support in the record, relied on or not by the district court.  *Sicor Ltd. v. Cetus*

*Corp.*, 51 F.3d 848, 860 n. 17 (9th Cir. 1995); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002). So long as the decision under review is correct on any theory, the reviewing court may affirm even if the reviewing court adopts different reasoning than the district court in reaching its decision to affirm. *Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir. 1997); *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 964 n. 3 (9th Cir. 2011) (affirmed on grounds rejected by the district court and not advanced by either party on appeal).

If validly raised, Gilmore's challenge to the district's ruling on Wells Fargo's Motion for Judgment on the Pleadings is also reviewed *de novo*. Such a motion is evaluated in the same way as a motion to dismiss under Rule 12(b)(6). *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard for a Rule 12(c) motion for judgment on the pleadings is the same as for motions to dismiss brought under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). An order granting a Rule 12(b)(6) motion to dismiss for failure to state a claim is reviewed *de novo*. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 526 (9th Cir. 2008). All well–pleaded allegations of material facts are accepted as true and construed in the light most favorable to the nonmoving party. *Manzarek*, 519 F.3d at 1030–1031; *Leadsinger*, 519 F.3d at 526. The court, however, is not required to accept as true allegations those that

12

contradict exhibits attached to the complaint or matters properly subject to judicial notice. Nor is the court required to accept as true allegations those that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *Manzarek*, 519 F.3d at 1031; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187.

For a complaint to state a claim, the court must find that the non–conclusory factual content within the allegations, and the reasonable inferences it can draw from that content, are plausibly suggestive of a claim entitling plaintiff to relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The decision to dismiss *with* prejudice is reviewed for abuse of discretion. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012) (internal citations omitted). Dismissal without leave to amend is proper if amendment would be futile. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). In determining whether an amendment would be futile or would instead cure an existing deficiency, a court should only consider "other facts consistent with the challenged pleading." *Swartz v KPMG LLP,* 476 F.3d 756, 761 (9th Cir. 2007). A court's discretion to dismiss without leave to amend is particularly broad where the

plaintiff has previously amended the complaint. *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013).

The appellate court may affirm the dismissal on any ground supported by the record. *United States v. Washington*, 573 F.3d 701, 706 (9th Cir. 2009). It is the appellant's burden to show reversible error. *Independent Towers of Wash. v. Washington,* 350 F.3d 925, 930 (9th Cir. 2003).

Finally, the district court's decision not to hold a hearing on various motions is also reviewed for an abuse of discretion. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

## VII. SUMMARY OF ARGUMENT

Gilmore has not articulated, let alone demonstrated, any reversible error. It was Appellant's burden to do so with coherent arguments supported by citations to relevant legal authorities and materials in the record. He has failed to carry that burden.

The district court did not err in granting Wells Fargo's Motion for Summary Judgment. Gilmore fails to meaningfully address the basis for the district court's ruling and can cite to nothing in the record to support his assertion that a triable issue of material fact existed as to any of his claims. He references alleged facts and claims that are not pled and which appear nowhere in the record. Obviously, such extra-judicial matters cannot be used to challenge the judgment.

14

Gilmore challenges the district court's ruling on the summary judgment motion by focusing on just two purported factual disputes: 1) owner occupancy; and 2) dual tracking. He cannot point to anything in the record actually supporting his position on these issues. To the contrary, the unsupported argument he advances actually confirms that the district court's ruling was proper. The district court's Order granting summary judgment as to the HBOR and related negligence claim was proper.[1]

Gilmore next challenges the trial court's ruling on the Motion for Judgment on the Pleadings by arguing that his claim was not time barred. Yet, he fails to address any of the district court's reasoning. The Amended Complaint revealed a facial statute of limitations defect in all Gilmore's claims relating to the force placed insurance issue. Gilmore was aware of the issue and his potential claim no later than August 4, 2010. (SER 555).

It was his burden to plead a basis to toll the statute of limitations. He did not and could not articulate any way to amend his pleading to do so. The AOB fails to explain how the district court's Order dismissing the time-barred claims could be deemed erroneous under these circumstances. Instead, he references a document that is found nowhere in the record and makes an argument not advanced before

---

[1] The order also awarded Wells Fargo judgment as to Gilmore's related cause of action to void the notice of trustee's sale. Gilmore does not challenge that portion of the Order.

15

the district court, *i.e.*, that his interpretation of an internal Wells Fargo document reveals a $1,217.82 payment discrepancy from December 2010.  Not only is this argument improperly advanced, it is misguided and wholly unpersuasive.  He misinterprets the "newly discovered loan history" which could not lead to a different result in any event.

Next, Gilmore's superficial argument regarding his negligence claim is based entirely on matters outside the pleadings and record.  The negligence claim actually pled relates only to his dual-tracking claim based on the HBOR.  Yet, the AOB argues that the Complaint pled a negligence claim based on a deliberate breach of contract.  (AOB at 10).  This claim was not pled and not argued below.  Even if considered, this position would fail because a plaintiff cannot maintain a claim for negligence based entirely on contractual obligations.

Finally, Gilmore misinterprets and misapplies inapposite authority to argue that the district court erred when it declined to hold hearings on the motions and ruled based on the papers.  The district court acted well within its discretion and Appellant cannot articulate any prejudice.

## VIII.  ARGUMENT

### A.  The District Court Properly Granted Summary Judgment On The HBOR Dual-Tracking Claim

Gilmore challenges the district court's Order granting Wells Fargo's Motion for Summary Judgment as to the dual-tracking claim based on that portion of the

16

HBOR found in California Civil Code § 2923.6.  That section bars a lender from taking three specific actions when a borrower in an owner-occupied property has a completed loan modification application under review: first, the bank may not record a notice of default; second, it may not record a notice of trustee's sale, and third, it may not complete a foreclosure.

Gilmore alleged that Wells Fargo violated Civil Code § 2923.6 by recording a notice of trustee' sale while he had a complete application pending.  He does not claim there was anything wrong with the notice of default or that Wells Fargo actually completed the foreclosure.  Thus, the only purported violation was the recording of the notice of sale.

The district court properly granted summary judgment as to this claim because: 1) the Property was not owner-occupied; 2) Gilmore could not establish that he had submitted a complete application; and 3) the claim was rendered moot by subsequent events and the passage of time.

### 1.     *Because The Property Was Not Owner-Occupied, Gilmore Was Not Entitled To The Protections Of Civil Code § 2923.6*

Civil Code § 2924.15 limits the scope and applicability of various sections of the HBOR, including Section 2923.6.  It provides that the requirements of Section 2923.6 "shall apply only to first lien mortgages or deed of trust *that are secured by owner-occupied residential* real property containing no more than four

17

dwelling units." Cal. Civ. Code § 2924.15(a)(emphasis added). It then defines the term as follows:

> For these purposes 'owner-occupied' mean that the property is the principal residence of the borrower and is security for a loan made for personal, family or household purposes.

Cal. Civ. C. § 2924.15(a).

Wells Fargo's Motion for Summary Judgment established that despite the averments Gilmore made to get the preliminary injunction, the Property was not owner-occupied. (SER 008). The district court noted that Gilmore admitted that no one has lived in the Property for years, including at the time of the purported HBOR violation. (SER at 008–009). The most he could say is that he occasionally stayed in a camper or tent placed on the Property. (SER 009). Based on this showing, the burden shifted to Gilmore to establish a triable issue of fact as to this point. *See Hopkins v. Andaya*, 958 F.2d 881, 884-85 (9th Cir. 1992). The district court concluded that he failed to do so. (SER 009).

It is Gilmore's burden as appellant to demonstrate why this determination was reversible error. *Independent Towers of Wash. v. Washington,* 350 F.3d 925, 930 (9th Cir. 2003). He has not done this either.

To the contrary, the AOB goes through a confusing discussion of ownership by his predecessors and, apparently, a probate estate. (AOB at 6). He goes on to suggest that someone else, named H.D. Daniels has periodically camped in the

driveway and backyard at some unspecified time in the past. (AOB at 6). And, he says the Property serves as someone named D.D. Daniel's "final resting place." (AOB at 6–7). None of these assertions are supported by anything in the record and none were raised with the district court. Regardless, none of this has any bearing on whether the Property served as Gilmore's own "principal residence" in March, 2014, the date of the claimed HBOR violation. Conspicuously absent from the AOB or summary judgment record is any evidence that Gilmore himself actually lived on the Property at the time of the alleged dual-tracking in March 2014. To the contrary, he expressly admitted that *no one* lived on the Property between at least October 2013 and October 2015. (SER 293, lns. 7–19). Thus, the district court properly found that no triable issue of disputed fact existed as to this element of Gilmore's HBOR claim. (SER 009).

> **2.** **_Gilmore Could Not Establish That He Had A Complete Loan Modification Application Pending At The Time Wells Fargo Recorded The Notice Of Trustee's Sale_**

Even though the lack of owner-occupancy alone was fatal to Gilmore's Civil Code § 2923.6 claim, the district court went on to find that the claim also failed due to the fact that Gilmore could not prove his loan modification application was complete.

California Civil Code § 2923.6(c) provides:

> If a borrower submits a *complete* application for a first lien loan modification offered by, or through, the borrower's mortgage

19

> servicer, a mortgage servicer, mortgagee, trustee, beneficiary,
> or authorized agent shall not record a notice of default or notice
> of sale, or conduct a trustee's sale, while the *complete* first lien
> loan modification application is pending. (emphasis added).

Civil Code § 2923.6(g) places further limits on the bar against dual-tracking. It eliminates the bank's obligation to review even a complete modification application and refrain from recording foreclosure documents if the borrower was previously evaluated for a modification. If a borrower, like Gilmore, was previously reviewed and denied, then the bank need not re-review and may proceed with foreclosure unless the borrower has a documented, material change in financial circumstances. *Id.*

Wells Fargo supported its Motion with declarations and documents showing that the loan modification application was not complete and that Gilmore did not document a material change in financial circumstances. (SER 385–386). The district court reviewed the materials submitted by Gilmore and concluded that he failed to carry his burden to show that his application was complete. (SER 013).

The AOB can cite to nothing that contradicts this determination. He points to his argument and the declaration of Ms. Stepanski and speculates about the meaning of Wells Fargo's internal notes logs to suggest a contradiction where none exists. (AOB at 7–8). None of this is sufficient to establish error.

First, his argument in opposition to the Motion for Summary Judgment obviously is not evidence sufficient to create a triable issue of fact. Next, his

reference to the declaration of Ms. Stepanski does not establish the existence of a complete application. She merely says that the individual collecting materials at the Workshop thought she had everything she needed. (SER 044). The district court properly concluded that this conclusory declaration could not overcome the extensive documentation from Wells Fargo's files in which it identified missing documents and advised Gilmore to provide those documents. (See SER 013–014). Finally, Gilmore has no foundational basis for his misguided attempt to reinterpret Wells Fargo's internal record and the district court properly rejected his characterization. (SER 011).

Because Gilmore could not carry his burden to show that he had submitted a complete loan modification application, he could not satisfy the basic elements of a Civil Code § 2923.6 claim.

### 3. *Gilmore Does Not Dispute That His HBOR Claim Was Rendered Moot*

The district court also granted summary judgment as to the HBOR claim because it had been rendered moot by the passage of time and subsequent events. Wells Fargo demonstrated that the notice of trustee's sale which served as the basis for Gilmore's claim expired. (SER 016). It also established that Gilmore was provided yet another full modification review which resulted in a written denial of his application. (SER 015). Thus, even if there had been an HBOR violation it

21

was cured and the only relief available under HBOR was no longer an option.  Cal. Civ. Code § 2924.12(a)(1).

Gilmore ignores this portion of the district court's summary judgment Order. He has therefore waived any challenge to it.  *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").  Because this finding alone was sufficient grounds for the court to grant summary judgment, this Court must affirm.

### B.    Gilmore's Negligence Claim Was Entirely Derivative Of His HBOR Claim And Failed For The Same Reasons

The district court concluded that Gilmore's negligence claim was based entirely on the same breach of duty as alleged in his HBOR claim.  (SER 019). Because he could not show owner-occupancy or a completed loan application, Gilmore could also not show Wells Fargo mishandled the application.  (SER 019). Gilmore raises no objection to this portion of the ruling, and thereby concedes its validity.

Instead, he advances an argument not raised below and which is not even encompassed by his Complaint.  He now argues that his negligence claim was based on "improper escrow accounting practices on his loan, the hazard insurance overcharges, the early paid property taxes and other elements which breached his contract . . ." (AOB at 10).  There are several problems with this argument.

First, the operative Second Amended Complaint controlled the scope of the issues to be decided on summary judgment. C*oleman v. Quaker Oats, Inc*., 232 F.3d 1271, 1291–94 (9th Cir. 2000). The negligence claim actually pled said nothing about escrow accounting, hazard insurance, taxes or any other purported breach of contract. (See SER 633). It was limited to a claim that Wells Fargo mishandled the loan modification application. (SER 633, ¶¶ 54–55). Appellant could not avoid summary judgment with unpled theories.

Second, even if the Complaint could conceivably be read to include these allegations, Gilmore did not argue them before the district court as a basis to avoid summary judgment on the negligence cause of action. (See SER 183–184). An appellant cannot raise an argument on appeal that he did not first present to the trial court. C*oleman v. Quaker Oats, Inc*., 232 F.3d 1271, 1291–94 (9th Cir. 2000); see also *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). By failing to raise this argument below, Gilmore waived it.

Third, as discussed below, all his claims relating to escrow accounting, tax and insurance payments were time barred. They all stemmed from activity in 2010 or 2011. (AOB at 2, 9; SER 533). If he tried to bring such claims under a negligence theory, then they would be barred by the two-year statute of limitations. Cal. Code. Civ. Proc. § 335.1. Thus, even if he had asserted them below, they would have been dismissed as untimely.

23

Finally, well-settled California law would bar Gilmore from attempting to enforce these purported contractual breaches under a negligence theory. As the California Supreme Court explained in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515 (1994): "Conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." See also *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 989 (2004). Thus, California law generally bars tort actions for contract breaches, thereby limiting contracting parties to contract damages. *Aas v. Super. Ct.,* 24 Cal.4th 627, 643 (2000). If the duty breached is purely contractual, no tort claim will lie. *Id.* ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations."). Gilmore's new assertion that his negligence claim was based on a breach of contract fails as a matter of law.

The AOB fails to state any meaningful challenge to the district court's Order granting summary judgment as to the negligence claim.

**C. The Trial Court Properly Granted The Motion For Judgment On The Pleadings As To Gilmore's Force Placed Insurance Allegations**

Although he waived the issue by failing to include it in his Notice of Appeal, Gilmore argues that the district court erred in granting Wells Fargo's Motion for

Judgment on the Pleadings as to his negligent misrepresentation and fraud claims.[2] (AOB at 8). Although Wells Fargo and the district court engaged in a painstaking analysis as to why each of the purported misrepresentations could not state a claim, Gilmore limits his appeal to the single issue of the statute of limitations bar to the representations relating to his force placed insurance claims. As such, all other issues related to the Motion for Judgment on the Pleadings are abandoned or waived.

As a threshold matter, it must be noted that the negligent misrepresentation claim did not involve any purported statements about force placed insurance. It related entirely to purported discussions about loan modification and loss mitigation efforts. (SER 634–638). Thus, the argument in the AOB has no bearing on the validity of the Order granting the Motion for Judgment on the Pleadings as to the negligent misrepresentation cause of action. By limiting his discussion to whether his force placed insurance claim was time barred, Gilmore has constrained his appeal to ruling on the only claim involving that issue: the fraud cause of action. The dismissal of the negligent misrepresentation claim must, therefore, be affirmed.

---

[2] The AOB also references a purported violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. However, his RESPA allegations relate only to the fraud claim. (SER 640).

In ruling on the Motion for Judgment on the Pleadings, the district court evaluated each of Gilmore's ten separate allegations of fraudulent statements and found each of them lacking. Gilmore was given leave to include fraud and negligent misrepresentation claims only if he included "the time, place and specific content" of the representations. (SER 577). The district court noted that the Amended Complaint failed to provide the required detail. (SER 551, 559). The AOB fails to clearly articulate which part of the district court's lengthy Order Gilmore is challenging. However, the only part of the fraud claim referenced in the AOB is that portion relating to RESPA and the purported failure to refund force placed insurance premiums. (AOB at 8–9). This is what the district court called "Allegation three." (SER 554:20, see also SER 640, ¶ 67). He is apparently abandoning any challenge to the remaining parts of the Order.

The district court properly found this "Allegation three" to be barred by the three–year statute of limitations applicable to fraud claim. (SER 554-55). That is because it arose in 2010. Gilmore admitted that he was "concerned about force–placed insurance and the financial burden overcharges caused" as of July 10, 2010. (SER 640:17-19). He purportedly sent proof of insurance on July 19, 2010. (SER 640:22-23 and 684). If he was due a refund under RESPA, he should have received it 15–days later. (AOB at 9). Because he did not, the statute of

limitations began to run at that time and had long since expired by the time
Gilmore filed this action in May 2014.

Gilmore tries to avoid this result by claiming that the policy period for one
of the policies he provided ended in June 2011. (AOB at 9). That is meaningless.
The statute of limitations began to run from the date of his injury. *See Jolly v. Eli
Lilly & Co.*, 44 Cal.3d 1103, 1109 (1988). According to Gilmore, that was 15–
days after he provided proof of insurance in July 2010. The statute of limitations
therefore expired in August 2013. The fact that Gilmore was still raising this
dispute over the issue with Wells Fargo in February 2014 does nothing to change
the statute of limitations period. The clock began to run in 2010 and expired in
2013. Gilmore presents no analysis or authority to the contrary.

The AOB next engages in a discussion about his payment of taxes in
December 2011 and his interpretation of a loan payment history document attached
to the AOB.[3] (AOB at 9). Notably, he earlier says this incident actually occurred
in December 2010. (AOB at 2). Because the incident is not pled in the Complaint
and is not found anywhere in the record, we cannot determine which date is
correct. In any event, he cannot point to anything in the record or independent

---

[3]     Appellant's attempt to supplement the record with "Exhibits" attached to his
AOB is procedurally and legal improper. *Morrison v. Hall*, 261 F.3d 896, 900 n.4
(9th Cir. 2001) (parties may not add to or enlarge the record on appeal to include
material that was not before the district court.). Exhibits VI-VIII were not part of
the record below and must be disregarded.

foundational basis for his interpretation of the internal Wells Fargo report. The document is not part of the record below and was not brought to the district court's attention. He cannot raise it for the first time in this appeal. This material also has no bearing on this case and cannot serve as grounds for reversal.

The AOB fails to establish an error associated with the district court's ruling on the Motion for Judgment on the Pleadings. Gilmore also does not contend that the district court abused its discretion in not giving him leave to amend to correct the defects nor does he articulate any way he could have amended to do so. The judgment must be affirmed.

### D. The District Court Did Not Abuse Its Discretion In Failing To Hold Hearings

In his final assignment of error, Gilmore asserts that he was denied hearings on the Motion for Judgment on the Pleadings and the Motion for Summary Judgment. (AOB at 11). Other than quoting an inapposite and un–controlling case from the Third Circuit,[4] Gilmore makes no effort to establish why the district court's decision not to hold hearings was a prejudicial abuse of discretion.

Under Ninth Circuit law, the decision to hold oral argument on motions is entirely discretionary. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379

---

[4] The hearing at issue in the *In re Paoli RR Yard PCB Litig.*, 916 F.23d 829 (3rd Cir. 1990), cited in the AOB related to a complex evidentiary dispute involving competing expert declarations which raised questions requiring a hearing. *Id.* at 829. It is not applicable to the present situation.

(9th Cir. 1983); *see also Willis v. Pac. Maritime Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001) (district court has discretion not to hold oral argument.). The local rules of the Northern District of California advise the litigants that "In the Judge's discretion . . . a motion may be determined without oral argument . . ." (N.D. Cal. L.R. 7-1(b)). Gilmore articulates no basis for claiming that the district court abused its discretion.

Moreover, Gilmore never requested oral argument on either Motion. A party waives the right to oral argument by failing to request it. *See Dredge Corp. v. Penny*, 338 F.2d 456, 461-62 (9th Cir. 1964).

Finally, Gilmore can articulate no prejudice stemming from the lack of oral argument. This Court will not reverse a decision not to hold oral argument in the absence of prejudice. *Fernhoff v. Tahoe Regional Planing Agency*, 803 F.2d 979 (9th Cir. 1986). Gilmore does not describe any issue or argument he would have raised at a hearing which was not already raised in the papers. He can point to nothing that would suggest a different outcome if the district court heard oral argument. Thus, he cannot carry his burden to establish prejudice and this district court's decision to not hold oral argument cannot be reversed.

## IX.  CONCLUSION

Gilmore failed to carry his burden to demonstrate reversible error.  The

Judgment should be affirmed.

Respectfully submitted,

Dated:  June 13, 2016                ANGLIN FLEWELLING RASMUSSEN
                                      CAMPBELL & TRYTTEN, LLP


By: _____s/ *Robert A. Bailey*_____
         Robert A. Bailey
*Attorneys for Defendant-Appellant*
WELLS FARGO BANK, N.A.

## CERTIFICATE OF COMPLIANCE

(FED. R. APP. P. 32(a); 9TH CIR. R. 32-1)

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 6,814 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using the Microsoft Word 2010 word processing program, a 14-point font size, and the Times New Roman type style.

                            Respectfully submitted,

Dated:  June 13, 2016        ANGLIN FLEWELLING RASMUSSEN
                                CAMPBELL & TRYTTEN, LLP

By: _____*s/ Robert A. Bailey*_____
                    Robert A. Bailey
*Attorneys for Defendant-Appellant*
WELLS FARGO BANK, N.A.

1

## STATEMENT OF RELATED CASES
(9TH CIR. R. 28-2.6)

Pursuant to Ninth Circuit Rule 28-2.6, Defendant-Appellee Wells Fargo

Bank, N.A., successor to by merger with Wells Fargo Bank, N.A. identifies the

following matters as related to this appeal:

(1)     *Kevin Gilmore .v Wells Fargo Bank, N.A.*, 9th Cir. Case No. 14-

        16370.  Wells Fargo challenged the issuance of the preliminary

        injunction in this matter.  In March 2015, Wells Fargo's moved to

        dismiss its appeal which was granted.


                        Respectfully submitted,

Dated:  June 13, 2016          ANGLIN FLEWELLING RASMUSSEN
                                CAMPBELL & TRYTTEN, LLP


                               By: ___ s/ *Robert A. Bailey*_____
                                      Robert A. Bailey
                               *Attorneys for Defendant-Appellant*
                               WELLS FARGO BANK, N.A.

9th Circuit Case Number(s)  15-17395

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) June 13, 2016 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Kevin E. Gilmore
955 Virginia Street
Berkeley, California 94710

Signature (use "s/" format)  s/ Yvonne L. Blum